# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 13-582V
Filed: January 3, 2017

| | |
|---|---|
| * * * * * * * * * * * * | UNPUBLISHED |
| AMBER FRANKLIN *as Next Friend of* | |
| S.F., *a minor*, | |
| | |
| Petitioner, | Special Master Gowen |
| | |
| v. | Attorneys' Fees and Costs |
| | |
| SECRETARY OF HEALTH | |
| AND HUMAN SERVICES, | |
| | |
| Respondent. | |
| | |
| * * * * * * * * * * * * | |

Scott W. Rooney, Nemes, Rooney P.C., Farmington Hills, MI, for petitioner.
Ryan D. Pyles, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 15, 2013, Amber Franklin ("petitioner") filed a petition on behalf of her minor child, S.F., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that S.F. developed encephalitis as a result of receiving diphtheria-tetanus-acellular pertussis ("DTaP"), inactivated poliovirus ("IPV"), measles-mumps-rubells ("MMR"), and/or varicella vaccines. Petition at ¶¶ 9, 27. On December 7, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. A decision awarding compensation pursuant to the terms of the joint stipulation was issued December 8, 2016.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On December 15, 2016, petitioner filed an application for attorneys' fees and costs, requesting $27,309.50 in attorneys' fees and $13,657.26 in attorneys' costs, for a total fees and costs request of $40,966.76.  Petitioner's ("Pet.") Application ("App.") at ¶¶ 9, 11, 12.  In accordance with General Order #9, petitioner states that she did not incur any costs related to the litigation of this matter.  Id. at 10; Pet. App., Ex. 2.  Respondent filed a response to petitioner's application on December 30, 2016, stating that "[r]espondent respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Respondent's Response at 3.

## I.   Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  In the present case, petitioner was awarded compensation pursuant to the terms of a joint stipulation.  Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Under the Vaccine Act, a reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Avera, 515 F.3d at 1347-48 (internal quotations omitted).  In determining an award of attorneys' fees, a court should generally use the forum rate, i.e., the District of Columbia rate unless the bulk of an attorney's work is performed outside of the forum, and where there is a "very significant" difference in compensation rates between the place where the work was performed and the forum.  Id. at 1348-49 (citing Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  The requirement that attorneys' fees be reasonable also applies to costs.  McCulloch v. Sec'y of

Health & Human Servs., No. 09-293V, 2015 WL 5634323, *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992)).

The determination of reasonable attorneys' fees and costs is within the special master's discretion. Saxton, 3 F.3d at 1520. Special masters may rely on their prior experience in reviewing fee applications. See id., 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., No. 90-1167V, 1992 WL 336502 at *2-3 (Fed. Cl. Spec. Mstr. Nov. 2, 1992)).

### a. Hourly Rates

Petitioner requests $300 per hour for work performed by Mr. Rooney from 2012 to 2016, and $55 per hour for work performed by a paralegal during the same time span. Pet. App. at 2-3; see generally Pet. App., Ex. 1. Neither party submitted any information regarding local or forum rates. However, the undersigned notes that the requested rates are consistent with the rates awarded to Mr. Rooney in other cases in which petitioner's fee motions were unopposed. The undersigned also notes that Mr. Rooney was admitted to the Michigan state bar in 1989, and thus has over 25 years of experience.[3] In McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), the undersigned determined that a rate between $350 to $425 per hour would be a reasonable 2014-2015 forum rate for an attorney with more than 20 years of experience and $135 per hour would be a reasonable paralegal forum rate. 2015 WL 5634323, at *19, *21. In this case, Mr. Rooney's requested rates are significantly lower than the forum rates established in McCulloch for an attorney with similar years of experience. The undersigned finds the requested rates reasonable.

### b. Hours Expended

Petitioner requests compensation for 107. 20 hours of work performed by Mr. Rooney and his paralegal. Pet. App at 3; see generally Pet. App., Ex. 1. On review of petitioner's billing record, the undersigned finds the number of hours expended reasonable, with the exception of a total of 6 hours of time billed at full rate for "Conference with client (including travel)" on 4/2/2012 and 4/25/2014. Pet. App., Ex. 1 at 3, 8. It is well established in the Vaccine Program that travel time is compensated at 50 percent of counsel's usual hourly rate unless sufficient documentation exists indicating that work was performed while traveling. See Gruber v. Sec'y of Health & Human Servs., 91 Fed. Cl. 773, 791 (2010); Rodriguez v. Sec'y of Health & Human Servs., No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. July 27, 2009); Carter v. Sec'y of Health & Human Servs., No. 04-1500V, 2007 WL 2241877 (Fed. Cl. Spec. Mstr. July 13, 2007); Scoutto v. Sec'y of Health & Human Servs., No. 90-3576V, 1997 WL 588954 (Fed. Cl. Spec. Mstr. Sept. 5, 1997). Counsel's billing record does not indicate that work was performed during the travel time, nor does it indicate what portion of the 6 total hours billed on April 2, 2012, and April 25, 2014, were spent traveling as opposed to conferencing with the

---

[3] State Bar of Michigan, Attorney Search, Scott W. Rooney, https://www.zeekbeek.com/SBM/Search-Results#fname=Scott&lname=Rooney+%60&mtype=good&profession=Lawyers&region=MI.

client.  These 6 hours will be compensated at at 50 percent of Mr. Rooney's hourly rate.  Accordingly, the attorneys' fees requested by petitioner will be reduced by $900.

### c.  Costs

Petitioner's counsel requests $13,657.26 in attorneys' costs.  Pet. App. at 3; Pet. App., Ex. 1 at 20.  The costs consist of the filing fee, medical records costs, travel for a client meeting, expert witness fees, costs related to establishing a conservatorship, and the cost of copies, faxes/scans, and postage.  Pet. App., Ex. 1 at 15-20.  The undersigned finds the requested costs reasonable.

## II.   Conclusion

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total attorneys' fees and costs award of $40,066.76 reasonable.

**The undersigned awards attorneys' fees and costs as follows:**

> **(1) A lump sum of $40,066.76 in the form of a check payable jointly to petitioner and petitioner's counsel, Scott W. Rooney, of Nemes, Rooney P.C, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.